IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

No. 20-17316

BENJAMIN KOHN,

Plaintiff-Appellant

v.

STATE BAR OF CALIFORNIA, *et al.*,

Defendants-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

NOTICE REGARDING INTERVENTION

_____

This Court issued a letter on November 28, 2022, to the Attorney General under 28 U.S.C. 2403 certifying a constitutional challenge to Title II of the Americans with Disabilities Act of 1990 (ADA)—namely, whether Congress, in 42 U.S.C. 12202, validly abrogated the State Bar of California's claimed Eleventh Amendment immunity. The United States has carefully considered the matter and does not intend to intervene at this time because it believes that resolution of the non-constitutional threshold issues briefed by the parties will make reaching the validity of the statute unnecessary. See *Lyng* v. *Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding

principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Gulf Oil Co.* v. *Bernard*, 452 U.S. 89, 99 (1981) (holding that courts must "consider [any] nonconstitutional grounds for decision" before "reaching any constitutional questions").

In particular, the Court need not address whether the ADA validly abrogates Eleventh Amendment immunity with respect to the class of conduct alleged in plaintiff-appellant Benjamin Kohn's complaint if the State Bar of California is not an "arm of the state" entitled to Eleventh Amendment immunity. See *Mitchell* v. *Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (announcing a five-factor test to determine whether a governmental agency is an arm of the State), cert. denied, 490 U.S. 1081 (1989); *e.g.*, *Crowe* v. *Oregon State Bar*, 989 F.3d 714, 731 (9th Cir. 2021) (concluding, after applying the *Mitchell* factors, that the Oregon State Bar is not an arm of the State), cert. denied, 142 S. Ct. 78, and 142 S. Ct. 79 (2021).

This Court also need not address the abrogation question at this time if it concludes that the district court erred in determining at the motion-to-dismiss stage that the State Bar of California is not a covered "program or activity" under Section 504(b) of the Rehabilitation Act of 1973, 29 U.S.C. 794(b), and then dismissing Kohn's Section 504 claim with prejudice. See, *e.g.*, *T.W.* v. *New York Bd. of L. Exam'rs*, 996 F.3d 87, 93 (2d Cir. 2021); *Arbogast* v. *Kansas Dep't of*

*Labor*, 789 F.3d 1174, 1185 (10th Cir. 2015). Section 504 provides substantively identical protections to Title II of the ADA but conditions the receipt of federal financial assistance on a State's waiver of sovereign immunity. 42 U.S.C. 2000d-7(a)(1); *Payan* v. *Los Angles Cmty. Coll. Dist.*, 11 F.4th 729 (9th Cir. 2021). Thus, this Court need not address whether the ADA validly abrogates the Bar's claimed Eleventh Amendment immunity if Kohn's Section 504 claims can go forward. *Campbell* v. *Lamar Inst. of Tech.*, 842 F.3d 375, 379 (5th Cir. 2016), cert. denied, 137 S. Ct. 2198 (2017).

If, however, this Court does not resolve this appeal based on either of the above threshold issues, then it should apply the three-step framework the Supreme Court set forth in *United States* v. *Georgia*, 546 U.S. 151 (2006), for assessing the validity of Congress's abrogation of States' Eleventh Amendment immunity for Title II claims. The first step of that test requires courts to determine, "on a claim-by-claim basis," whether "the State's alleged conduct violated Title II" before considering the validity of Congress's abrogation of Eleventh Amendment immunity with respect to that class of conduct. *Id.* at 159; see also *Block* v. *Texas Bd. of L. Exam'rs*, 952 F.3d 613, 617-618 & n.12 (5th Cir. 2020). Here, without first addressing whether Kohn stated a money-damages claim under Title II, the district court held that the ADA does not validly abrogate the Bar's claimed immunity. This Court should not reach the abrogation issue without first

considering (or remanding for the district court to consider) this first step in the *Georgia* framework.

For the foregoing reasons, the United States does not intervene under 28 U.S.C. 2403 at this time.

                                          Respectfully submitted,

                                          KRISTEN CLARKE
                                            Assistant Attorney General

                                          BONNIE I. ROBIN-VERGEER
                                          JONATHAN L. BACKER
                                            Attorneys
                                            U.S. Department of Justice
                                            Civil Rights Division
                                            Appellate Section
                                            Ben Franklin Station
                                            P.O. Box 14403
                                            Washington, D.C. 20044-4403
                                            (202) 532-3528

## CERTIFICATE OF COMPLIANCE

I certify that the attached NOTICE REGARDING INTERVENTION:

(1) complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2)(A), because it contains 642 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f); and

(2) complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word 2019, in 14-point Times New Roman font.

                                                s/ Jonathan L. Backer
                                                JONATHAN L. BACKER
                                                  Attorney

Date: February 3, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing NOTICE REGARDING INTERVENTION with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and will be served by the appellate CM/ECF system.

<u>s/ Jonathan L. Backer</u>
JONATHAN L. BACKER
  Attorney