**Case No. 20-17316**

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

BENJAMIN KOHN,

*Plaintiff-Appellant,*

v.

STATE BAR OF CALIFORNIA, CALIFORNIA COMMITTEE OF BAR EXAMINERS, AND THEIR AGENTS IN THEIR OFFICIAL CAPACITY,

*Defendants-Appellees.*

Appeal from a Decision of the United States District Court
for the Northern District of California, Case No. 4:20-cv-4827-PJH,
Honorable Phyllis J. Hamilton, District Judge Presiding

## DEFENDANTS-APPELLEES STATE BAR OF CALIFORNIA AND CALIFORNIA COMMITTEE OF BAR EXAMINERS' SUPPLEMENTAL BRIEF REGARDING HEARING EN BANC

ELLIN DAVTYAN, ESQ., State Bar No. 238608
ROBERT G. RETANA, ESQ., State Bar No. 148677
BRADY R. DEWAR, ESQ., State Bar No. 252776
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, California 94105-1639
Telephone: (415) 538-2012; Facsimile: (415) 538-2321
Attorneys for Defendants-Appellees The State Bar of California,
Committee of Bar Examiners

# TABLE OF CONTENTS

I. INTRODUCTION ……………………………………………………1

II. FACTUAL BACKGROUND …………………………………………..2

III. ARGUMENT……………………………………………………… 5

    A.    Under Settled Ninth Circuit Law, the State Bar is an Arm of the State; This is Consistent With How State Bars are Treated Nationwide ………………………………………………….5

    B.    *Hirsh* and *Lupert* Are Consistent with the Ninth Circuit Test for Whether an Entity is an Arm of the State …………………………..7

        1.    First *Mitchell* factor – "whether a money judgment would be satisfied out of state funds" ………………………………..9

        2.    Second *Mitchell* factor – "whether the entity performs central governmental functions" ……………………………11

        3.    Fifth *Mitchell* factor – "corporate status" ……………………11

    C.    The Ninth Circuit's Decision that the Oregon State Bar is Not an Arm of the State is Not Inconsistent with Continuing to Hold the State Bar of California to Be an Arm of the State …………………12

IV. CONCLUSION …………………………………………………15

ADDENDUM…………………………………………………...18

# TABLE OF AUTHORITIES

## Cases

*Alaska Cargo Transport Inc. v. Alaska Railroad Corporation*
    5 F.3d 378 (9th Cir. 1993) .......................................................... passim

*Bates v. State Bar of Arizona*
    433 U.S. 350 (1977) ....................................................................11

*Belanger v. Madera Unified School District*
    963 F.2d 248 (9th Cir. 1992) ...................................................... 10, 13

*Bergeson v. South Dakota*
    1:21-CV-01026-CBK, 2021 WL 5771183 (N.D.S.D. Dec. 6, 2021) ...................7

*Block v. Washington State Bar Ass'n*
    761 Fed.App'x 729 (9th Cir. 2019) ......................................................6

*Breck v. Doyle*
    796 Fed.App'x 333 (9th Cir. 2019) ......................................................6

*Cohran v. State Bar of Georgia*
    790 F.Supp. 1568 (N.D. Ga. 1992) ......................................................7

*Crenshaw v. Supreme Court of Indiana*
    170 F.3d 725 (7th Cir. 1999) .............................................................6

*Dowd v. California State Bar*
    No. 1:14-CV-00117-AWI-SK, 2014 WL 2858798 (E.D. Cal. June 23, 2014) .....5

*Dubuc v. Michigan Bd. of Law Examiners*
    342 F.3d 610 (6th Cir. 2003) .............................................................6

*Durning v. Citibank*
    950 F.2d 1419 (9th Cir. 1991) .........................................................9, 13

*Export Group. v. Reef Industries, Inc.*
    54 F.3d 1466 (9th Cir. 1995) .............................................................5

*Fed. Mar. Comm'n v. S.C. State Ports Auth.*
    535 U.S. 743 (2002) .........................................................................7

*Feliciano v. Tribunal Supremo de Puerto Rico*
  78 F.Supp.2d 4 (D.P.R. 1999)................................................................7

*Green v. State Bar of Texas*
  27 F.3d 1083 (5th Cir. 1994) ...............................................................6

*Hirsh v. Justices of the Supreme Court of California*
  67 F.3d 708 (9th Cir.1995) ........................................................ passim

*In Re Attorney Discipline System*
  19 Cal.4th 582 (1998) .........................................................................11

*In re Ayers*
  123 U.S. 443 (1887)...............................................................................7

*In re Rose*
  22 Cal.4th 430 (2000) ....................................................................3, 11

*Jackson v. Hayakawa*
  682 F.2d 1344 (9th Cir. 1982) .............................................................8

*Johnson v. Supreme Court of Illinois*
  165 F.3d 1140 (7th Cir. 1999) .............................................................6

*Joseph v. State Bar of California*
  564 Fed.Appx. 302 (9th Cir. 2014)......................................................6

*Khanna v. State Bar of California*
  308 Fed.App'x 176 (9th Cir. 2009) ......................................................6

*Kinney v. State Bar of California*
  708 Fed.App'x 409 (9th Cir. 2017) ......................................................6

*Kinney v. State Bar of California*
  No. 16-CV-02277-MMC, 2016 WL 4502789 (N.D. Cal. Aug. 29, 2016)...........6

*Leis v. Flynt*
  439 U.S. 438 (1979)...........................................................................1, 8

*Lupert v. State Bar*
  761 F.2d 1325 (9th Cir. 1985) ............................................... 5, 6, 8, 13

*Mattas v. Supreme Court of Pennsylvania*
    576 F.Supp. 1178 (W.D. Penn. 1983)....................................................7

*Nichols v. Alabama State Bar*
    815 F.3d 726 (11th Cir. 2016) ............................................................6

*Phiffer v. Columbia River Corr. Inst.*
    384 F.3d 791 (9th Cir. 2004) ...............................................................1

*Ricotta v. California*
    4 F.Supp.2d 961 (S.D. Cal. 1998)......................................................5

*Sato v. Orange County Dept. of Educ.*
    861 F.3d 923 (9th Cir. 2017) ..............................................................8

*Strojnik v. State Bar of Arizona*
    829 Fed.App'x 776 (9th Cir. 2020) ......................................................6

*T.W. v. New York State Board of Law Examiners*
    16-cv-3029, 2022 WL 2819092 (E.D.N.Y. July 19, 2022) ..................7

*Tanasescu v. State Bar of California*
    569 Fed.App'x 502 (9th Cir. 2014) ......................................................6

*United States v. Georgia*
    546 U.S. 151 (2006)............................................................................1

*Vartanian v. State Bar of California*
    794 Fed.App'x 597 (9th Cir. 2019) ......................................................6

*Viriyapanthu v. State Bar of California*
    813 Fed.App'x 312 (9th Cir. 2020) ......................................................5

*Ware v. Wyoming Board of Law Examiners*
    973 F.Supp. 1339 (D.Wyo. 1997)......................................................7

*Wu v. Cal.*
    953 F.Supp. 315 (C.D. Cal. 1997) ......................................................5

**Statutes**

California Business & Professions Code
    § 6001........................................................................................2

iv

§ 6008..................................................................................... 4, 8, 9
§ 6013.1............................................................................................3
§ 6046...............................................................................................3
§ 6103...............................................................................................4
§ 6140........................................................................................3, 11
§ 6140(a)..........................................................................................3
§ 6063........................................................................................3, 11

California Government Code
§ 1001...............................................................................................3

Cal. Stats. 2021, ch. 723 (S.B. 211)...........................................4

Oregon Revenue Statute
§ 9.025............................................................................................13

**Rules**

Federal Rules of Appellate Procedure
rule 35(a) ........................................................................................1

California Rules of Court
rule 9.3.............................................................................................4
rule 9.3(a) ....................................................................................3, 4
rule 9.4(a) .......................................................................................3
rule 9.5.............................................................................................4
rule 9.6(c) ........................................................................................4

**Constitutional Provisions**

California Constitution
Art. VI, § 9 .....................................................................................2

## I.    INTRODUCTION

On May 19, 2023, the Court directed the parties to file briefs concerning whether this matter should be heard en banc.  Appellees respectfully submit that this case is not appropriate for en banc review.  En banc hearings are "not favored" and "ordinarily will not be ordered unless …  necessary to secure or maintain uniformity of the court's decisions; or the proceeding involves a question of exceptional importance."  F. R. App. Proc. 35(a).  There was some discussion at oral argument concerning whether en banc review was appropriate as to whether the State Bar of California ("State Bar") is an arm of the state entitled to Eleventh Amendment sovereign immunity.[1]  However, that issue is long-settled in this Circuit, and there is no need for this Court to revisit it en banc.

"Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions." *Leis v. Flynt*, 439 U.S. 438, 442 (1979). Consistent with that historical practice, this Circuit has held for nearly forty years that the State Bar is an arm of the state entitled to sovereign immunity.  That rule is also consistent with how state bars are treated nationwide.  Indeed, the State Bar has found no case

---

[1] Appellant Benjamin Kohn ("Kohn") suggested at oral argument that en banc review would be needed for the Court not to conclude that Title II of the Americans with Disabilities act abrogates sovereign immunity as a blanket matter, given this Court's holding in *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791 (9th Cir. 2004).  However, as set forth in detail in the State Bar's Replacement Answer Brief, this is clearly not the case given the Supreme Court's subsequent requirement of a claim-by-claim analysis in *United States v. Georgia*, 546 U.S. 151 (2006).  *See* Dkt. 66 at 27-30.

in which a state bar was denied sovereign immunity for conduct that involved attorney admissions or discipline.

Moreover, continuing to hold the State Bar to be an arm of the state is consistent with the five-factor test the Ninth Circuit applies to determine whether a government agency is an arm of the state.

Appellant finds what he claims is a conflicting rule in *Crowe v. Oregon State Bar*, 989 F.3d 714 (9th Cir. 2021). *Crowe* held that the Oregon State Bar was not an arm of the state in a case involving the Oregon bar's political speech in a membership journal. But *Crowe* does not create any intra-Circuit conflict requiring en banc review. Unlike the State Bar, the Oregon bar is a combination trade association-attorney licensing body and, as such, is not under state control like the State Bar, particularly with respect to the content of the speech in its membership journal. *Crowe* did not involve the admission or discipline of any attorney, and simply does not speak to the issues in this case. En banc review is thus not needed to maintain uniformity of this Court's decisions.

## II.    FACTUAL BACKGROUND

The State Bar is a public corporation, established by California's Legislature, Cal. Bus. & Prof. Code § 6001,[2] and as of 1966, recognized by the California Constitution. Cal. Const. Art. VI, § 9.  Its statutory mission is public protection: "Protection of the public… shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory,

---

[2] All statutory references are to the California Business and Professions Code unless otherwise indicated.

and disciplinary functions." § 6001.1.

Per Rule of Court adopted by the California Supreme Court, "[t]he State Bar serves as the administrative arm of the Supreme Court for admissions matters and in that capacity *acts under the authority and at the direction of the Supreme Court*." Cal. R. Ct. 9.3(a) (emphasis added); *see also In re Rose*, 22 Cal.4th 430, 438 (2000) (State Bar is "administrative arm of [the Supreme Court of California] for the purpose of assisting in matters of admission and discipline of attorneys").

The State Bar is governed by a Board of Trustees appointed solely by the three branches of state government. §§ 6010, 6013.1, 6013.3, 6013.5. The trustees are civil executive officers under state law. Cal. Govt. Code § 1001.

The three branches of California's government also name all members of the Committee of Bar Examiners ("CBE"). § 6046; Cal. R. Ct. 9.4(a). The CBE is a body, authorized by statute and Rule of Court, created by and within the State Bar that oversees the bar exam and other admissions matters. § 6046; Cal. R. Ct. 9.3(a).[3]

The State Bar's admissions and licensing activities are funded by fees authorized and capped by statute. §§ 6140, 6063. With respect to annual license fees, the Legislature authorizes them for only a year at a time, necessitating passage of a new "fee bill" each year, which often includes, in addition to the fee authorization, various new statutory directives to the State Bar. *See, e.g.,* § 6140(a)

---

[3] Kohn named as a separate defendant the "California Committee of Bar Examiners." The CBE is part of the State Bar, and not a separate legal entity. References herein to the "State Bar" include the CBE.

(authorizing license fee for 2022 only); Cal. Stats. 2021, ch. 723 (S.B. 211) (2021 legislation authorizing 2022 license fee and imposing new auditing and reporting requirements on the State Bar, among other changes). While the Legislature has authorized the State Bar to charge fees for admissions activities, such as Kohn's bar exams at issue in this case, the State Bar is limited to charging "reasonable fees" necessary to cover admissions costs. § 6103.

By statute, the State Bar's property *is* the property of the State:

> All property of the State Bar is hereby declared to be held
> for essential public and governmental purposes in the
> judicial branch of the government ….

Cal. Bus. & Prof. § 6008.

On top of the state's control through its appointment of the State Bar's governing body (and of CBE members) and its control and ultimate ownership of the State Bar's finances, the California Supreme Court exerts tight control over the attorney admissions process. State Bar-proposed rules on admissions must be approved by the Supreme Court. Cal. R. Ct. 9.5. The State Bar must report to the Supreme Court on each administration of the bar exam. Cal. R. Ct. 9.6(c). Those aggrieved by an admissions decision, including the testing accommodations decisions at issue here, may petition the Supreme Court for review. Cal. R. Ct. 9.3, 9.13(d). The State Bar certifies candidates for admission to the State Bar to the Supreme Court, which holds "the inherent power to admit persons to practice law" in California. Cal. R. Ct. 9.3(a).

4

### III.    ARGUMENT

**A.    Under Settled Ninth Circuit Law, the State Bar is an Arm of the State; This is Consistent With How State Bars are Treated Nationwide**

This Court held the State Bar is an arm of the state more than 38 years ago, when it affirmed dismissal on Eleventh Amendment grounds of a lawsuit against the State Bar's Board of Governors (as the Board of Trustees was then known) challenging admissions requirements. *Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985). This Court reaffirmed this precedent in another published decision a decade later, affirming dismissal of a case against the State Bar challenging attorney discipline proceedings. *Hirsh v. Justices of the Supreme Court of California,* 67 F.3d 708, 711-12, 715 (9th Cir.1995).

The decades-old *Lupert/Hirsh* holding[4] has not only been relied on by many district court decisions[5], but has been applied by this Court repeatedly in unpublished decisions, including at least seven times since 2007. *Viriyapanthu v. State Bar of California*, 813 Fed.App'x 312, 313 (9th Cir. 2020) ("The … State Bar

---

[4] Kohn has characterized these holdings as dicta, but that is not the case. Dicta consists of statements in a decision "not necessary to the decision and thus hav[ing] no binding or precedential impact in the present case." *Export Group. v. Reef Industries, Inc.*, 54 F.3d 1466, 1472 (9th Cir. 1995). *Hirsh* and *Lupert* both affirmed dismissal of the State Bar based on Eleventh Amendment sovereign immunity, so their holdings that the State Bar is entitled to Eleventh Amendment sovereign immunity was of course necessary to the decisions. The holdings, moreover, have been cited and relied on repeatedly by this Court and district courts.

[5] *See, e.g., Ricotta v. California*, 4 F.Supp.2d 961, 977 (S.D. Cal. 1998); *Wu v. Cal.*, 953 F.Supp. 315, 318-19 (C.D. Cal. 1997); *Kinney v. State Bar of California*, No. 16-CV-02277-MMC, 2016 WL 4502789, at *1 (N.D. Cal. Aug. 29, 2016); *Dowd v. California State Bar*, No. 1:14-CV-00117-AWI-SK, 2014 WL 2858798, at *2 (E.D. Cal. June 23, 2014).

of California… [is] entitled to sovereign immunity."); *Vartanian v. State Bar of California*, 794 Fed.App'x 597, 600 (9th Cir. 2019) (same); *Kinney v. State Bar of California*, 708 Fed.App'x 409, 410 (9th Cir. 2017) (same); *Kinney v. State Bar of California*, 676 Fed.App'x 661, 663 (9th Cir. 2017) (same); *Tanasescu v. State Bar of California*, 569 Fed.App'x 502 (9th Cir. 2014) (same); *Joseph v. State Bar of California*, 564 Fed.Appx. 302 (9th Cir. 2014) (same); *Khanna v. State Bar of California*, 308 Fed.App'x 176, 177 (9th Cir. 2009) (same).

Moreover, the *Hirsh/Lupert* holding is consistent with the treatment of other state bars in this Circuit and of state bars nationwide. This Court has held that the Arizona, Nevada, and Washington state bars are entitled to Eleventh Amendment sovereign immunity. *Strojnik v. State Bar of Arizona*, 829 Fed.App'x 776 (9th Cir. 2020); *Breck v. Doyle*, 796 Fed.App'x 333, 336 (9th Cir. 2019) (State Bar of Nevada); *Block v. Washington State Bar Ass'n*, 761 Fed.App'x 729, 731 (9th Cir. 2019).

The law in other Circuits is the same. Every Circuit Court to consider the issue has concluded that state bars and similar attorney licensing agencies have sovereign immunity. *See, e.g., Nichols v. Alabama State Bar*, 815 F.3d 726, 732-33 (11th Cir. 2016); *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 612, 615 (6th Cir. 2003) (State Bar of Michigan and Michigan Board of Law Examiners); *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 727 (7th Cir. 1999) (Disciplinary Commission of the Supreme Court of Indiana); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Green v. State Bar of Texas*, 27 F.3d 1083, 1087-88 (5th Cir. 1994). Multiple district courts have also

held that state bars and similar attorney licensing agencies enjoy sovereign immunity.[6]

Indeed, the State Bar has not found a single unreversed decision (other than *Crowe*, which as set forth below in Part III.C, is not inconsistent continuing to hold the State Bar to be an arm of the state) holding a state bar lacks sovereign immunity. The State Bar has found *no case* in which a State Bar was held to lack sovereign immunity when carrying out admissions or discipline functions. All of these various courts, of course, operate under the same Supreme Court Eleventh Amendment jurisprudence, which commands that "[t]he preeminent purpose of state sovereign immunity is to accord States the dignity that is consistent with their status as sovereign entities." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002) (citing *In re Ayers*, 123 U.S. 443, 505 (1887)).

**B.      *Hirsh* and *Lupert* Are Consistent with the Ninth Circuit Test for Whether an Entity is an Arm of the State**

To determine whether a government agency is an arm of the state entitled to sovereign immunity, the Ninth Circuit generally applies what has become known as the *Mitchell* test, which considers five factors:

> [1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central

_____

[6] *See, e.g., T.W. v. New York State Board of Law Examiners*, 16-cv-3029, 2022 WL 2819092, \*5 (E.D.N.Y. July 19, 2022); *Bergeson v. South Dakota*, 1:21-CV-01026-CBK, 2021 WL 5771183, \*3 (N.D.S.D. Dec. 6, 2021) (collecting additional cases); *Feliciano v. Tribunal Supremo de Puerto Rico*, 78 F.Supp.2d 4, 9 (D.P.R. 1999); *Ware v. Wyoming Board of Law Examiners*, 973 F.Supp. 1339, 1351 (D.Wyo. 1997); *Cohran v. State Bar of Georgia*, 790 F.Supp. 1568, 1575 (N.D. Ga. 1992); *Mattas v. Supreme Court of Pennsylvania*, 576 F.Supp. 1178, 1182 (W.D. Penn. 1983).

> governmental functions, [3] whether the entity may sue
> or be sued, [4] whether the entity has the power to take
> property in its own name or only the name of the state,
> and [5] the corporate status of the entity. *Jackson v.*
> *Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982). To
> determine these factors, the court looks to the way state
> law treats the entity.

*Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir.

1988).

While the *Lupert* and *Hirsh* decisions did not expressly discuss *Mitchell* or

each of its factors, *Mitchell* predates *Hirsh*, and the underlying Eleventh

Amendment standard pre-dates *Lupert*. *See Jackson v. Hayakawa,* 682 F.2d 1344,

1350 (9th Cir. 1982) (relied on in *Mitchell* at 861 F.2d at 201).

The long history of recognizing attorney admission and discipline as an

exclusively state function, *Leis*, 439 U.S. at 442, explains why *Lupert* and *Hirsch*

did not discuss each factor at length. But even were those factors to be applied

without regard to the uniform, longstanding understanding of a state bar's role,

*Mitchell* would favor recognizing immunity here. The first, second, and fifth

*Mitchel* factors support sovereign immunity, with only the third and fourth

factors—the State Bar's admitted ability to sue and be sued and hold property in its

own name—not directly supporting sovereign immunity. However, the third factor

carries less weight than factors one and two, and the fourth factor carries "little

weight" where, as here, state law provides that the entity holds property for the

benefit of the state. *Sato v. Orange County Dept. of Educ.*, 861 F.3d 923, 934 (9th

Cir. 2017); *see* § 6008.

### 1. First *Mitchell* factor – "whether a money judgment would be satisfied out of state funds"

The State Bar itself, and not the State of California's treasury, would be directly liable for a judgment against the State Bar. Appellant argues that unless "the state treasury would… be legally pledged" to satisfy a judgment, *see Durning v. Citibank*, 950 F.2d 1419, 1424 (9th Cir. 1991) (holding Wyoming Community Development Authority not an arm of the State), this factor is not met. However, such a strict approach is not required by *Mitchell*, which looks to the risk to "state funds." *Mitchell*, 861 F.2d at 201. As noted above, all of the State Bar's assets are state funds. Cal. Bus. & Prof. § 6008. This Court's cases recognize that the first factor is met where the state controls an agency's finances and would need to step in if a judgment impacted the agency's essential functioning.

In *Alaska Cargo Transport Inc. v. Alaska Railroad Corporation*, 5 F.3d 378 (9th Cir. 1993), the Court held the defendant railroad, a public corporation like the State Bar, "must show that although the state is not directly liable for a judgment against [the railroad], the state is nonetheless the real substantial party in interest. Thus, we cannot divorce the second *Mitchell* factor, the governmental function [the railroad] performs, from our assessment of the first factor, which is the impact on the State of Alaska of a judgment against [the railroad]."

The Court then went on to review how the railroad performs an essential function and the state's control of its ability to raise funds, concluding "[t]his allocation of power persuades us not only that [the railroad] is an arm of the state, but that its fisc in substantial respects is dependent upon and controlled by the will

of the governor and the legislature." *Id.* at 381. It further observed that "we are persuaded that a money judgment against [the railroad] would impact Alaska's treasury because of the state's strong interest in keeping [the railroad] operationally and fiscally sound." *Id.* at 382. *Alaska Cargo* is no outlier, but rather illustrates how this Court looks holistically at the state's involvement in an agency's finances, especially where truly essential government functions are at issue. *See also Belanger v. Madera Unified School District*, 963 F.2d 248, 251 (9th Cir. 1992) (looking to the state's control of public school district funding, rather than the direct liability of the state treasury, to hold that public school districts in California are an arm of the state.); *Aguon v. Commonwealth Ports Authority*, 316 F.3d 899, 903 (9th Cir. 2003) (finding first *Mitchell* factor met and determining that a Northern Mariana Islands port authority was an arm of that commonwealth for Section 1983 purposes, focusing largely on the conclusion that if the port authority were faced with a large money judgment, "the Commonwealth would be compelled to protect its island economy with an appropriation …."). Even *Mitchell* did not strictly apply the first factor (or any factor) strictly, focusing on the defendant college district's subjection to legislative control and then briefly discussing how the district's funds come from the state and that some of the fees charged by the district's colleges go to the state, before holding that the college district was entitled to sovereign immunity. *Mitchell*, 861 F.2d at 201.

Here, the State Bar is subject to the close control of the Legislature and Supreme Court, especially concerning revenue. Its ability to charge fees to existing licensees is set by statute each year and its ability to charge fees for admissions is

limited to "reasonable fees" necessary to cover admissions costs. §§ 6140, 6063. Indeed, when the State Bar's normal resources fail to cover its essential government functions, not only can the state step in, but it has, through emergency Supreme Court order. *See In Re Attorney Discipline System*, 19 Cal.4th 582, 625 (1998) (after Legislature failed to authorize annual licensing fee for attorneys to fund attorney discipline, putting "administration of justice … at risk," state Supreme Court ordered licensing fee).

Thus, under a proper analysis of the first *Mitchell* factor, a judgment against the State Bar should be considered a judgment against state funds.

### 2. Second *Mitchell* factor – "whether the entity performs central governmental functions"

The second *Mitchell* factor also weighs heavily in favor of sovereign immunity. The State Bar acts as the "administrative arm" of the California Supreme Court for carrying out attorney admission and discipline. *Rose*, 22 Cal.4th at 438. The Supreme Court has recognized state bar regulatory activities such as admissions and discipline as "core" government functions, "essential to the primary governmental function of administering justice." *Bates v. State Bar of Arizona*, 433 U.S. 350, 361-362 (1977) (citations and quotations omitted).

### 3. Fifth *Mitchell* factor – "corporate status"

While the State Bar is structured as a public corporation, this is merely a device allowing its control by the three branches of government. Where a public corporation such as the State Bar is controlled by the government, this Court has found the fifth *Mitchell* factor either neutral or weighing in favor of the state

11

agency's status as an arm of the state. *See Aguon*, 316 F.3d at 903 (finding the factor neutral given the commonwealth's control over the board counterbalanced by the agency's ability to act without state approval); *Alaska Cargo*, 5 F.3d at 381-82 (finding the factor to weigh in favor of immunity given state's control over railroad board and control of operations). Here, where the state appoints the Board and the Supreme Court exercises control over the State Bar's admissions and discipline functions, the factor weighs in favor of the State Bar's status as an arm of the state.

Thus, three out of five *Mitchell* factors, including the most important first and second factors, strongly support this Court's long-standing holding that the State Bar is an arm of the state.

## C. The Ninth Circuit's Decision that the Oregon State Bar is Not an Arm of the State is Not Inconsistent with Continuing to Hold the State Bar of California to Be an Arm of the State

In *Crowe,* this Court held that the Oregon State Bar ("OSB") is not an arm of the state entitled to sovereign immunity for the purpose of that case. That case concerned freedom of speech and freedom of association claims based on political statements made in OSB's membership journal. *Crowe,* 989 F.3d at 721-23. It did not concern a state attorney regulatory agency performing admissions functions under the control of the state Supreme Court, and this Court did not make any holding about whether immunity would apply in the context of admissions and discipline. For these reasons, and due to differences between the structure of OSB and the State Bar, *Crowe*'s reasoning does not apply here, nor does it conflict with

continuing to apply the *Lupert/Hirsh* holding that the State Bar is an arm of the state.

Moreover, unlike the Oregon State Bar, the State Bar of California is no longer an integrated bar. As set forth in detail in the State Bar's Replacement Answer Brief, in 2018 the State Bar completed a years-long process in which it spun off all of its professional trade associational features to become a purely regulatory agency. *See* Dkt. 66 at 3-4, fn 3-4. OSB is governed by its members, who elect its governing body, Or. Rev. Stat., § 9.025, whereas the State Bar, as set forth above, is governed by trustees appointed by the three branches of state government. OSB's structure as a professional trade organization run by its members led the *Crowe* court to conclude that the first, second, and fifth *Mitchell* factors weigh against sovereign immunity, while the state's close control of the State Bar, as set forth above, results in those factors supporting the State Bar's status as an arm of the state.

With respect to the first *Mitchell* factor, *Crowe* applied the strict *Durning* requirement that a judgment must be satisfied directly out of the state treasury for the first factor to support sovereign immunity. *Crowe*, 989 F.3d at 731. Here, as discussed above, the state controls the State Bar, the *Alaska Cargo/Belanger/ Aguon* approach applies, and the first factor is met.

With respect to the second *Mitchell* factor, *Crowe* found that OSB did not perform central government functions because its functions are "essentially advisory in nature," *Crowe*, 989 F.3d at 720, 733 (internal quotation omitted). This characterization flows from OSB's trade association status. *Crowe* borrowed

the "essentially advisory" phrase from *Keller v. State Bar of California,* 496 U.S. 1, 12 (1990), a First Amendment government speech case involving the State Bar when it was still a combination trade association/licensing body. This "essentially advisory" label only makes sense in the context of a bar, like OSB, that is run by leaders elected by the profession, and thus is separate from state government (and therefore advising it rather than acting as the state). The State Bar, by contrast, is now run by a board composed of civil executive officers appointed by the three branches of government. Although the current State Bar's disciplinary and admissions decisions are subject to final approval by the California Supreme Court, this is simply a feature of internal agency structure: this feature *supports* a finding of immunity because it demonstrates that the State Bar is subject to centralized state government control, in contrast to OSB, which operates as an essentially *nongovernmental* professional organization that provides advice to the state judiciary on attorney matters. It makes no sense to describe the activities of the State Bar, which is itself wholly controlled by the state and not external to it, as "essentially advisory." Thus, while OSB may not meet the second *Mitchell* factor, the State Bar, as set forth above, does.

Finally, *Crowe* found that the fifth factor, corporate status, weighed against OSB being an arm of the state, focusing largely on the non-government appointment of OSB's leadership. *Crowe*, 989 F.3d. Here, by contrast, and as discussed in more detail above, where not only the State Bar's leadership is government-appointed, but its licensing functions are controlled by the Supreme Court, the fifth factor weighs in favor of sovereign immunity.

The entity at issue in *Crowe* was fundamentally different than the State Bar. The holding in *Crowe* is not inconsistent with continuing to hold the State Bar to be an arm of the state and provides no reason for en banc review here.

## IV.   CONCLUSION

There is no need for en banc review.  This Court's prior consistent recognition that the State Bar of California is an arm of the State of California is correct, consistent with similar decisions nationwide, and entirely reconcilable with *Crowe*'s conclusions in a different context about the Oregon State Bar. Appellees respectfully submit that there is no reason to reconsider this Court's longstanding precedent en banc.

DATED:  June 9, 2023                    Respectfully submitted,

                                        ELLIN DAVTYAN
                                        ROBERT G. RETANA
                                        BRADY  R. DEWAR

                                        By:  */s/ BRADY R. DEWAR*
                                                BRADY R. DEWAR

                                        Attorneys for Defendants-Appellees
                                        State Bar of California,
                                        Committee of Bar Examiners

**CERTIFICATE OF COMPLIANCE**

This brief complies with the typeface limitation of Fed. R. App. P. 32(a)(5)(A) and the type-volume limitation set forth in the May 19, 2023 Order because this face is proportionally spaced with serifs and has a size of 14 points, and the brief contains 4,122 words, excluding the portions exempted by Fed. R. App. P. 32(f).

DATED:  June 9, 2023                        Respectfully submitted,

                                            ELLIN DAVTYAN
                                            ROBERT G. RETANA
                                            BRADY R. DEWAR


                                            By:  */s/ BRADY R. DEWAR*
                                                 BRADY R. DEWAR

                                            Attorneys for Defendants-Appellees
                                            State Bar of California,
                                            Committee of Bar Examiners

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed DEFENDANTS-APPELLEES STATE BAR OF CALIFORNIA AND CALIFORNIA COMMITTEE OF BAR EXAMINERS' SUPPLEMENTAL BRIEF REGARDING HEARING EN BANC with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 9, 2023.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California this 9th day of June, 2023.

_/s/Joan Randolph_

Joan Randolph

**ADDENDUM**

All applicable statutes, etc., are contained in the addenda filed with Appellant Benjamin Kohn's Replacement Opening Brief and Appellee's Replacement Answer Brief.